**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| Robbie Earl Roberts and | ) CASE NO: 25-10189-SDM |
| Tammy Renee Roberts, | ) |
| | ) |
| Debtor(s). | ) Chapter 13 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO
11 U.S.C. § 362 FILED BY CREDIT ACCEPTANCE CORP.
(2017 GMC Terrain)**

Credit Acceptance Corp. ("MOVANT"), a secured creditor herein, moves the Court, pursuant to 11 U.S.C. § 362(d) and Rules 4001(a)(1) and 9014 of the Federal Rules of Bankruptcy Procedure, for entry of an order granting it relief from the automatic stay, and as grounds therefore shows as follows:

**I.    PRELIMINARY STATEMENT OF RELIEF REQUESTED**

1.    On January 22, 2025, Robbie Earl Roberts and Tammy Renee Roberts (the "Debtors") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Petition Date").

2.    This Court has jurisdiction of the parties and the subject matter pursuant to 28 U.S.C. §§ 157, 1334, and 11 U.S.C. § 1324.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

3.    MOVANT is a secured creditor of the Debtor Robbie Earl Roberts as evidenced by that certain Retail Installment Sale Contract dated December 27, 2024 (the "Note"). The Note was secured by that 2017 GMC Terrain bearing Vehicle Identification Number 2GKALNEK4H6324093 (the "Collateral"). A true and correct copy of the Note is attached hereto as **Exhibit "A."**

4. MOVANT has a perfected security interest in the Collateral, as noted on the face of the Certificate of Title for the Collateral (the "Certificate of Title"). A true and correct copy of the Certificate of Title is attached hereto as **Exhibit "B."**

5. Debtors' Chapter 13 Plan was confirmed on April 24, 2025 [D.E. 14]. Per the Confirmed Plan [D.E. 2], MOVANT was "to be paid direct on the 2017 GMC Terrain as a long – term debt..." *See* D.E. 2, Part 8.1.

6. Nevertheless, as of January 9, 2026, the account was past due for July 2025 through December 2025 in the amount of $1,834.74, with the outstanding amount due under the Note being $11,245.57. A copy of the Payment History is attached hereto as **Exhibit "C."**

7. The Collateral is currently valued at $10,025.00, as set forth in the J.D. Power Vehicle Information attached hereto as **Exhibit "D."**

8. Accordingly, Movant seeks an Order lifting the automatic stay relative to the Collateral.

### III.    BASIS FOR RELIEF

9. Based upon Debtors' default under the Note, MOVANT seeks relief from the automatic stay pursuant to 11 U.S.C. §362 in order to pursue its rights and remedies under state law, including but not limited to, its rights to foreclose its security interest in the Collateral.

10. Section 362(d) sets forth the standards for determining whether relief from stay is appropriate. Section 362(d) states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if-

      (A)    the debtor does not have an equity in such property; and

      (B)    such property is not necessary to an effective reorganization;

11 U. S. C. § 362.

11. MOVANT has not received, and the Debtors have not agreed to provide, any further adequate protection of Movant's interest in the Collateral. Therefore, MOVANT is not adequately protected with respect to the Collateral.

12. MOVANT requests that the order granting relief from stay be effective and enforceable immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 4001(a)(3) and any other provision of the Bankruptcy Code or Bankruptcy Rules shall not apply.

WHEREFORE, Credit Acceptance Corp. respectfully requests that the Court enter an order granting this motion and lifting the automatic stay to permit it to enforce its security interests in the Collateral pursuant to applicable non-bankruptcy law to which it is entitled post-petition, and for such other and further relief as the Court may deem just and proper.

Dated this 13th day of January, 2026.

                                                                        Respectfully submitted,

                                                                        */s/ Christopher D. Meyer*
                                                                        Christopher D. Meyer, Esq.
                                                                        *Attorney for Credit Acceptance Corp.*

**OF COUNSEL:**
BURR & FORMAN LLP
The Pinnacle at Jackson Place
190 E. Capitol Street, Suite M-100
Jackson, MS 39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150
cmeyer@burr.com

64989060 v1

# **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing has been served on this 13th day of January, 2026 either by electronic transmission or by United States first class mail postage prepaid to the following:

| | |
|---|---|
| DEBTORS: | Robbie Earl Roberts<br>513 Beaverdam Rd<br>Indianola, MS 38751 |
| | Tammy Renee Roberts<br>513 Beaverdam Rd<br>Indianola, MS 38751 |
| DEBTORS' ATTORNEY: | Thomas C. Rollins, Jr.<br>The Rollins Law Firm, PLLC<br>PO BOX 13767<br>Jackson, MS 39236 |
| TRUSTEE: | Locke D. Barkley<br>6360 I-55 North<br>Suite 140<br>Jackson, MS 39211 |
| U.S. TRUSTEE | United States Trustee<br>501 East Court Street<br>Suite 6-430<br>Jackson, MS 39201 |

                                                */s/ Christopher D. Meyer*
                                                OF COUNSEL